NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 23 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATRICK JOSEPH SIMONELLI; JACQUELINE CARLIN SIMONELLI,<br><br>    Petitioners-Appellants,<br><br> v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>    Respondent-Appellee. | No. 18-70664<br><br>Tax Ct. No. 17301-14<br><br>MEMORANDUM* |

Appeal from a Decision of the
United States Tax Court

Submitted January 21, 2020**
San Francisco, California

Before: W. FLETCHER and R. NELSON, Circuit Judges, and MOLLOY,***
District Judge.

  Patrick and Jacqueline Simonelli appeal the Tax Court's determination that

---

  *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  **  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

  ***  The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

there were deficiencies in their income tax for taxable years 2011 and 2012 because they were not entitled to deduct expenses related to a claimed law practice and to a vacation home they occasionally rented out. We have jurisdiction under 26 U.S.C. § 7482(a) and affirm.

We review for "clear error the Tax Court's factual determination that a taxpayer has failed to produce sufficient evidence to substantiate a deduction." *Sparkman v. Commissioner*, 509 F.3d 1149, 1159 (9th Cir. 2007). We also review "findings of negligence by the Tax Court under the clear error standard." *Hansen v. Commissioner*, 471 F.3d 1021, 1028 (9th Cir. 2006) (internal quotation marks omitted). The Tax Court did not clearly err in determining that Patrick was not engaged in a law practice in 2011 and 2012, that Jacqueline was not a real-estate professional in 2011 and 2012, and that the Simonellis are liable for accuracy-related penalties.

1. The Tax Court correctly determined that the Simonellis were not entitled to a deduction for expenses Patrick claimed were incurred in law practice with his son in 2011 and 2012. Patrick was not licensed in California or Singapore, where he was supposedly practicing law, and no evidence suggests Patrick held himself out as an attorney or sought clients. Instead, the evidence shows that the legal work Patrick performed—including on two personal lawsuits for his son and probate work for his brother's estate—generated no fees, and almost none of the

2

work on those matters occurred in 2011 or 2012. The Simonellis therefore failed to prove they were involved in the practice of law with continuity and regularity with a primary purpose of making a profit in 2011 and 2012. *See Commissioner v. Groetzinger*, 480 U.S. 23, 35 (1987). Nor may the Simonellis deduct these expenses under 26 U.S.C. § 183 because they reported no gross income from Patrick's law-related activities during those taxable years.

2. The Tax Court also correctly determined that the Simonellis were not entitled to a deduction for rental real-estate losses in 2011 and 2012. The resolution of this issue depends on whether Jacqueline qualified as a real-estate professional during those years. The Tax Court properly found that she did not. Jacqueline did not spend more than 750 hours in real-property trades or business in either of those years. 26 U.S.C. § 469(c)(7)(B)(ii). Instead, she spent many hours on personal activities that do not qualify as real-property trades or business. Moreover, we decline to consider whether Jacqueline qualified as a "Property Manager" because the Simonellis raised this issue for the first time on appeal. *Bolker v. Commissioner*, 760 F.2d 1039, 1042 (9th Cir. 1985).

3. Finally, the Simonellis waived any challenge to the imposition of accuracy-related penalties by failing to raise that issue in their Opening Brief. *Wagner v. Cty. of Maricopa*, 747 F.3d 1048, 1059 (9th Cir. 2013). Even if the issue were not waived, the Tax Court correctly determined that the Simonellis are

liable for such penalties because they negligently failed "to keep adequate books and records or to substantiate items properly." 26 C.F.R. § 1.6662-3(b)(1).

**AFFIRMED.**